STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Van Nostrand | } | Docket No. 209-11-04 Vtec |
|  | } | Docket No. 101-5-05 Vtec |
|  | } |  |

## Decision on Appellant-Applicants' Supplemental Motion for Summary Judgment and Appellee's Motion to Reconsider

Appellant-Applicants Ronald C. and Elizabeth M. Van Nostrand appealed two decisions of the Town of Salisbury Development Review Board (DRB). In the first, Docket No. 209-11-04 Vtec, Appellant-Applicants appealed the DRB's decision to reverse the Salisbury Zoning Administrator's (ZA)[1] approval of Appellant-Applicants' application for a zoning permit to construct a four-bedroom, single-family residence and septic system on their 24± acre parcel. The second appeal, Docket No. 101–5–05 Vtec, was from the DRB's decision to deny Appellant-Applicants a variance[2] under § 502 of the Salisbury Zoning Regulations ("Regulations"). The two appeals were consolidated by this Court's Entry Order of June 1, 2005.

On January 13, 2006, we issued a decision granting partial summary judgment for Appellant-Applicants, finding that their 24± acre parcel was a lawful, pre–existing, nonconforming lot. Appellant-Applicants filed a supplemental motion, requesting that this Court grant them summary judgment as to the remaining issues in Docket No. 209-11-04 Vtec. Appellee Linda C. Nordlund filed a motion requesting that this Court reconsider the determinations announced in its January 13 Decision, including the determination in Docket No. 209-11-04 Vtec that Appellant-Applicants' back parcel constitutes a lawful pre-existing lot with a non-conforming right-of-way access and the determination in Docket No. 101-5-05 Vtec that a variance was not necessary for the easement access Appellant-Applicants alleged they enjoy over Appellee's parcel. We address both pending motions in this Decision.

---

[1] As noted in our January 13, 2006 Decision, the Salisbury Zoning Administrator also serves as the Salisbury Health Officer.

[2] The application that is at issue in Docket No. 101-5-05 Vtec contained two requests, stated in the alternative: either that the DRB approve the "existing easement" that served Appellant-Applicants' back parcel or grant a variance for the "existing easement," given that it is undisputed that the portion of the easement which is purported to pass over the northwest corner of Appellee's property is not fifty feet wide, as required by Regulations § 502. The DRB denied both requests. This Court announced, in its Decision of January 13, 2006, that a variance was not needed for the back parcel easement and vacated the DRB denial of April 21, 2005.

## Background

The following material facts are undisputed. In our analysis of each party's pending motion, we view the material facts in a light most favorable to the non-moving party.[3] Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990) (where both parties seek summary judgment, each is entitled to benefit when opposing party's motion is being judged.").

1. Appellant-Applicants own two parcels of land on the westerly side of West Shore Road on Lake Dunmore in Salisbury, Vermont: the "Front Parcel" (1.1± acres with frontage on West Shore Road) and the "Back Parcel" (interior parcel of 24 acres with no road frontage).[4]

2. On April 4, 2000, Appellant-Applicants' predecessors in title received a subdivision permit to create the two lots described as the Front Parcel and the Back Parcel.

3. No one appealed the 2000 subdivision permit.

4. On August 19, 2004, Appellant-Applicants applied for permits to construct a single-family dwelling on the Back Parcel. The Salisbury ZA issued a building permit and a sewage disposal permit (No. 04-49 and No. 04-50).

5. Appellee filed a timely appeal of those permits with the DRB.

6. The DRB held a public hearing on Appellee's appeal and on October 28, 2004, issued a decision reversing the Salisbury ZA's issuance of permits 04-49 and 04-50.

7. Appellant-Applicants timely filed an appeal of the DRB decision with this Court, which are the subject of Docket Number 209-11-04 Vtec.

8. While that appeal was pending with this Court, Appellant-Applicants made application for the DRB to either approve the existing right-of-way easement they asserted over the northwest corner of Appellee's adjoining parcel, or grant a variance for such existing

---

[3] Appellants did not submit a separate statement of undisputed facts as required by V.R.C.P. 56(c)(2). V.R.E.C.P. 5(a)(2) provides that the Vermont Rules of Civil Procedure (V.R.C.P.) apply to appeals taken pursuant to 24 V.S.A. § 4472. Nevertheless, so that we may address the pending motions completely, we have revisited the Statement of Material Facts previously filed by Appellants and we now treat the "Brief History and Nature of the Dispute" contained in Attorney Foley's legal memorandum as a recitation of Appellants' statement of undisputed material facts.

[4] Appellee asserts that because the Back Parcel can be accessed by way of a common drive over the Front Parcel, we have mischaracterized the Back Parcel as having "no road frontage." Appellee is mistaken on this legal conclusion. There has been no suggestion that Appellants' two parcels have merged. While the two separate parcels are now owned by the same individuals, the easement that benefits the Back Parcel has not been extinguished by this common ownership because part of that easement runs over and encumbers Appellee's property.

easement, given that the easement was not wide enough, at least as it crossed over Appellee's parcel, to comply with Regulations § 502.[5]

9.  After a hearing, the DRB issued a decision denying both Appellant-Applicants' easement approval and variance requests on April 21, 2005.

10. Appellant-Applicants filed a timely appeal of the DRB's April 21, 2005 decision to this Court, which is the subject of Docket Number 101-5-05 Vtec.

11. The parties filed cross-motions for summary judgment and on January 13, 2006, this Court entered judgment denying Appellee's motion and granting Appellant-Applicants' motion.

12. In the January 13, 2006 decision, this Court determined that Appellant-Applicants' Back Parcel is a lawful, pre-existing nonconforming lot.

13. This Court also determined that, because of the previous, unappealed subdivision permit, which authorized access for the Back Parcel by way of the purported easement, Appellant-Applicants do not need a variance from Regulations § 502 to proceed with their plans for the Back Parcel.

14. On September 6, 2006, in a separate action (involving the same parties) to resolve the easement dispute, the Addison Superior Court found that Appellant-Applicants have a right-of-way, in the form of an appurtenant easement, across the northwesterly corner of Appellee's property. The Addison Superior Court specifically determined that the width of the right-of-way that encumbers the Nordlund parcel is eighteen feet. Nordlund v. Van Nostrand, Docket No. 56-3-06 AnCV (Addison Super. Ct., filed Sept. 6, 2006), Findings of Fact and Conclusions of Law at 8, Decl Judgment Order, ¶2.[6]

## Appellee's Motion to Reconsider or Amend this Court's January 13 Decision

Appellee filed a Motion to Reconsider or Amend our January 13 Decision based upon alleged errors in our statement of undisputed material facts and our legal conclusions. V.R.C.P. 59(e) provides a vehicle, by way of a motion to alter or amend, that "allows the trial court to

---

[5]  At that point, Appellants apparently believed that the width of the right-of-way exceeded twenty feet. However, as discussed below, the Addison Superior Court has ruled that the width is in fact eighteen feet. Nordlund, Docket No. 56-3-06 AnCV (Addison Super. Ct., filed Sept. 6, 2006), Findings of Fact and Conclusions of Law at 8.

[6]  While we recognize that the Addison Superior Court has not yet entered a final judgment order in Docket No. 56-3-06 AnCV, and once it does, the parties will have the opportunity to appeal that decision, we do not believe that awaiting any and all contingencies in the superior court action is necessary for this Court to render a final determination in the pending permit appeals now before us.

3

revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996). However, Rule 59(e) is an "extraordinary" remedy that should be used "sparingly." The decision of whether to grant relief lies within the discretion of the trial court. 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d: § 2810.1(2d ed. 1995); Sargent v. Columbia Forest Prods., Inc., No. 2:93-CV-116, slip op. at 2 (D. Vt. Sept. 7, 1994) (unpublished mem.). "Reconsideration and amendment are permissible under Rule 59(e) to allow a court to respond to an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice." Id. However,

> [t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose. In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.

Wright & Miller, § 2810.1 (internal footnotes omitted).

Here, Appellee's Motion to Reconsider or Amend the January 13 Decision is essentially a request that this Court revisit all of the legal issues addressed in its prior Decision because Appellee thinks this Court should have arrived at the opposite result. The Court has reviewed all of its January 13 Decision and declines to reverse its rulings. It is worth noting that the linchpin fact upon which Appellee has based her motion—the nonexistence of Appellant-Applicant's right-of-way—has in fact been decided against Appellee in the related action pending in Addison Superior Court. The fact that a Court with the jurisdictional authority to make such determinations has ruled that Appellant-Applicants do possess a valid right-of-way across Appellee's property serves to reinforce our prior Decision.

We wish to again emphasize, as noted in our January 13 Decision at page 9, that the issue before this Court, then and now, is merely whether the applicants here have fulfilled their threshold burden of producing some evidence that they have the authority to access their back parcel over the purported easement. Appellee's assertions that she contests the validity of Appellants' easement is not sufficient to erase the satisfaction of Appellants' threshold burden. We likewise conclude that Appellant-Applicants' ability to access their Back Parcel over a 50-foot right-of-way that travels exclusively over their Front Parcel does not extinguish any right-of-way they possess over Appellee's parcel.

4

To successfully erase Appellant-Applicants' evidentiary production on this threshold issue, Appellee would have to show either that Appellants had relinquished the easement that they now assert, or convince a Court of competent jurisdiction that the easement did not exist. Appellee has failed to do either. We therefore can see no reason to reverse our prior determination and must deny Appellee's motion to reconsider.

### Appellant-Applicants' Supplemental Motion for Summary Judgment

Appellant-Applicants' Supplemental Motion for Summary Judgment requests that this Court enter judgment that their proposed development will not result in an increase of the nonconformity of their right-of-way and that this Court enter final judgment in their favor. Summary judgment is appropriate only when the record reflects that "there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c). "The party opposing summary judgment is entitled to the benefit of all reasonable doubts and inferences." Christman v. Davis, 2005 VT 119, ¶5; Toys, Inc., 155 Vt. at 48.

In support of their motion, Appellant-Applicants have attached an Affidavit in which Ms. Van Nostrand claims that she and her husband "will not make the right of way any narrower than it presently is." Affidavit of Elizabeth A. Van Nostrand, filed Feb. 27, 2006 (Van Nostrand Aff.) ¶¶5, 6. In addition, Ms. Van Nostrand's Affidavit states that she and her husband "will, within the bounds of applicable law, seek to expand the width of the right-of-way (if permissible), improve drainage along the right-of-way (if permissible), and continue to improve the surface of the right-of-way by grading and regrading periodically over time." Id.

Although it has been established by the Addison Superior Court that Appellant-Applicant's right-of-way across Appellee's property is eighteen feet wide, the parties dispute the permissible scope of easement work and expansion already conducted and proposed for the future. The question of whether the proposed work will increase the nonconformity of Appellants' right-of-way is a legal one, but the underlying material facts are in dispute. Appellant-Applicants, perhaps in seeking to assure the Court that the nonconformity of their right-of-way will not increase (in the sense of becoming more nonconforming) by it becoming more narrow, have submitted sworn testimony that they intend, in fact, to expand the width of their right-of-way. Van Nostrand Aff. ¶5. Appellees dispute that Appellant-Applicants are legally permitted to expand this right-of-way, and we note as well that this statement places Appellant-Applicants in the position of having submitted a permit application with the intent of

5

developing or improving land that they do not own.[7]  Appellee's Resp. at 10.  This dispute over the scope of Appellant-Applicants' permit application and their intentions with respect to developing the Back Parcel thus create disputed, triable issues of fact.

Furthermore, there is evidence that Appellant-Applicants have already conducted improvements on and around the right-of-way, including the installation of underground utilities and drainage, clearing trees, gravel work and placing culverts, all prior to their having obtained approval to do so.  Appellee's Resp. at 9.  These revelations further convince this Court that material facts are in dispute, prohibiting the granting of summary judgment.  A trial must be held to resolve these disputed issues.

Appellee, as the party opposing summary judgment, is entitled to the benefit of all doubts and reasonable inferences.  Christman, 2005 VT 119, ¶5.  We therefore conclude that summary judgment on this issue is not appropriate.  At trial, the parties should be prepared to address this and all other issues related to improvements and uses of the right-of-way proposed by the pending application.

For the foregoing reasons, Appellee's Motion to Reconsider is **DENIED** and Appellant-Applicants' Motion for Partial Summary Judgment is **DENIED**.  The Court wishes to schedule this matter for trial during the weeks of February 9 through March 16, 2007.  The parties are directed to advise the Court Manager by Wednesday, December 20, 2006, of the days when they, their clients or their witnesses will be unavailable, as well as whether they believe that it will be necessary to schedule more than one full day to complete the trial.

Done at Berlin, Vermont this 11th day of December, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[7]  To the extent that Appellant-Applicants propose by their pending application to conduct improvements on property that they neither own nor have a recognizable easement right to use, they may have put back in question whether they have met their threshold burden of production, evidencing that they have authority to conduct the development proposed by their application.